Vincent J. Montell (Bar No. 014236)
K. McKay Worthington (Bar No. 018703)
**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
8800 E. Raintree Dr., Suite 100
Scottsdale, AZ 85260
Telephone: (602) 954-5605
Facsimile: (602) 954-5606
vmontell@qpwblaw.com
mckay.worthington@qpwblaw.com

J. Robert Sonne (Bar No. 021334)
MAYO CLINIC ARIZONA
93400 East Shea Boulevard
Scottsdale, Arizona 85259

Attorney for Defendant Mayo Clinic Arizona

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela Diane More, | Case No.    CV-24-00452-DLR |
| Plaintiff, | **DEFENDANT MAYO CLINIC ARIZONA'S REPLY IN SUPPORT OF MOTION TO DISMISS** |
| vs. | |
| Mayo Clinic, a Foreign Non-Profit Corporation; Mayo Clinic Arizona; and Rachel Lindor, M.D., | (Assigned to the Honorable Douglas L. Rayes) |
| Defendants. | |

Defendants Mayo Clinic, a Foreign Non-Profit Corporation (Mayo in Minnesota), Mayo Clinic Arizona (Mayo in Arizona), and Rachel Lindor, M.D. reply in support of their Motion to Dismiss Plaintiff's Complaint for Violation of Civil Rights (Non-Prisoner Complaint) (the "MTD"). Plaintiff seeks to avoid dismissal by simply claiming to solve the pleading defects by filing an amended complaint. However, Judge Liburdi allowed Plaintiff to repeatedly amend her complaint, and nevertheless dismissed her case because she could never amend her complaint to state a claim. This Court has also been patient and generous in granting extensions to Plaintiff. But Plaintiff has now had more than

1

enough opportunities to state a claim, and the time has now come to resolve with finality the question of whether she has actually stated a claim.

### A.    Plaintiff Failed to Serve Dr. Lindor.

The Court, after generous extensions, ordered that if Plaintiff failed to serve Dr. Lindor by August 26, 2024, the claim against Dr. Lindor would be dismissed.  *See* current case DKT 18.  Plaintiff cannot deny that she failed to comply with the Court's order and does not even attempt to deny that failure.  The Court should enforce its order and dismiss all claims against Dr. Lindor with prejudice.[1]

### B.    Plaintiff Alleges No Facts Regarding Mayo in Minnesota and the Court Lacks Personal Jurisdiction over Mayo in Minnesota.

Plaintiff concedes that the Court does not have jurisdiction over Mayo in Minnesota by stating "Plaintiff removed Mayo Clinic Minnesota from Amended Complaint." *See* Response (DKT 25 at page 9 of 12). All claims against Mayo Minnesota should be dismissed with prejudice.

### C.    Plaintiff Fails to State a Claim under the ACA Because Plaintiff Fails to Allege Any Acts of Discrimination.

Plaintiff also concedes her Complaint fails to state a claim for sex discrimination under 42 U.S.C. § 18116 because she does not allege a single fact demonstrating such discrimination.  Her response to that argument is, "[c]ured with Amended Complaint." *See* Response (DKT 25 at page 9 of 12).  That the pleading had to be "cured" is a concession that the existing complaint does not state a sex discrimination claim (which it does not).

Moreover, the Amended Complaint—like the Complaint at issue in this motion— fails to allege a single fact indicating a single act of sex discrimination by Mayo in Arizona.  It simply alleges that POTS diagnoses take longer for females than for males and that gender bias "is likely" present in some POTS diagnoses.  But Plaintiff alleges no facts

---

[1] Plaintiff says her failure to comply with this Court's clear order was "[c]ured with Amended Complaint." *See* current case DKT 25 at page 9 of 12.  But Plaintiff provides no evidence that the Amended Complaint has been served on Dr. Lindor.  Plaintiff filed summonses with her motion to amend, but the summonses do NOT indicate service was achieved on any defendant, and the summonses show service was not even attempted on Dr. Lindor.  *See* DKT 28.

indicating that anyone discriminated against **her** in this particular case (where Plaintiff was treated by a physician who is herself a female).  Defendant will oppose Plaintiff's motion to amend on that basis.  But Plaintiff has expressly conceded that the current complaint fails to allege any such facts, which <u>requires dismissal of the current complaint for sex discrimination</u> <u>in its entirety</u>.

  **D.**  **<u>Plaintiff's Claim Fails Because No Defendant is a State or Local Official.</u>**

  Plaintiff also concedes that she failed to state a claim because none of the Defendants are governmental officials acting in their official capacity.  Plaintiff's entire response to that argument is, "[c]ured with Amended Complaint." *See* Response (DKT 25 at page 9 of 12).  <u>The entire existing complaint must therefore be dismissed</u> as having been based on an incorrect allegation regarding the nature of the action and the status of all defendants as state actors.  They are not, and no claim can be maintained against Defendants that relies on that now-admittedly-false allegation to the Court.

  **E.**  **<u>Plaintiff's Claim Fails Because the Statute of Limitations Has Expired.</u>**

  The only argument to which Plaintiff actually responds (other than conceding Defendants' argument but claiming those arguments are "cured with Amended Complaint") is Defendants' argument that Plaintiff failed to file her claim within the four-year statute of limitations required for a claim under 42 U.S.C. § 18116(a).  But for the reasons explained in the sections above, the entire complaint must be dismissed regardless of whether Plaintiff filed her complaint timely, and the Court need not address or adopt the statute of limitations argument in order to dismiss the entire complaint.  Although it is not necessary to the dismissal, the fact that the Complaint was not filed timely provides an additional basis for dismissal.

  Plaintiff cannot dispute that more than four years passed between her treatment at Mayo in Arizona and the filing of her Complaint.  Moreover,  Plaintiff bears the burden to prove the statute was tolled: "If 'it appears on the face of the complaint that an action may be barred by limitations, the burden is on the plaintiff to establish that the statute has been

tolled.'" *Satamian v. Great Divide Ins. Co.,* 545 P.3d 918, 925, ¶ 11 (Ariz. 2024) (*quoting Bailey v. Superior Court*, 143 Ariz. 494, 498 (App. 1985)).

The statute of limitations begins to run "when the act underlying the legal action occurs, 'even though the plaintiff may be unaware of the facts underlying his or her claim." *Id.* A "plaintiff . . . 'need not know all the facts underlying a cause of action to trigger accrual.'" *Id.* at ¶ 13 (*quoting Walk v. Ring,* 202 Ariz. 310, 316 ¶ 22 (2002)). "The ability 'to identify that a wrong occurred and caused injury' is sufficient" for the statute of limitations to begin running. *Id.* (*quoting Doe v. Roe,* 191 Ariz. 313, 322 ¶ 32 (1998)). "In some cases, 'an unexpected poor result immediately puts a plaintiff on notice that [fault] might have occurred.' In such circumstances, 'the court may determine the date of accrual as a matter of law.'" *Id.* at ¶ 14 (*quoting Kopacz v. Banner Health,* 245 Ariz. 97, 100 ¶ 10 (App. 2018)). A "plaintiff need not know all facts underlying the claims at issue, merely the presence of a wrong and resulting injury." *Id.* at 927 ¶ 22.

With specific regard to this case, the fact that plaintiff claims that—on the day she went to Mayo in Arizona (January 5, 2020)—she was not aware of all the harms that had or would result from the alleged misconduct does not toll the statute of limitations. The "statute of limitations commences even if a plaintiff has not discovered 'the full extent of his damages'" *Id.* at ¶ 23 (*citing Com. Union Ins. v. Lewis & Roca,* 183 Ariz. 250, 255 (App. 1995). "Indeed, a cause of action may arise even before a plaintiff '**sustains** all, or even the greater part, of the damages' resulting from the [misconduct]." *Id.* (*quoting Ariz. Mgmt. Corp. v. Kallof*, 142 Ariz. 64, 68 (App. 1984)) (emphasis added).

Arizona law is clear, including in the case of alleged medical misconduct: "Plaintiff need not know about the full extent of injuries for the clock to start ticking." *Thomas v. Honorhealth Scottsdale Osborn Medical Ctr.*¸ 2024 U.S. Dist. LEXIS 115290 * 6 (D. Ariz. July 1, 2024) (No. CV-23-01471-PHX-SMB). In that case the fact that the plaintiff did not know that misconduct would lead to additional damages from an infection later "does not alter the Court's application of the limitations period. As previously noted, '[t]he discovery rule does not hold the statute of limitations in abeyance until an injured party is

aware of the full extent of his or her damages.' . . . even if this 'discovery rule' did apply, it only protects from when plaintiff had 'at least a minimum requisite knowledge sufficient to identify that a wrong occurred and caused injury.'" *Id.* at *7 (citations omitted).

In the MTD, Defendant explained that Plaintiff herself has alleged the facts that demonstrate she was fully aware of the alleged discrimination and was fully aware that the discrimination had harmed her on the very day she allegedly experienced the discrimination: January 5, 2020—more than four years before she filed her Complaint.

Plaintiff alleged that it was immediately "obvious" to her that she was being discriminated against by being purposely misdiagnosed, and that the discrimination was so immediately obvious to her that she demanded blood work to rule out any false diagnosis that she was under the influence of drugs or alcohol.  Complaint at 4. Plaintiff further alleged that the discrimination continued on January 5, 2020 as demonstrated by the fact that "Defendant, instead of belatedly performing an appropriate differential diagnosis . . . instead doubled down on diagnosis of 'Delusional Disorder.'"  *Id.* Plaintiff apparently was so certain that she was being discriminated against, and that her actual physical malady was not being diagnosed (constituting harm to Plaintiff in the form of denial of appropriate medical care and the physical risks attendant to such discrimination), that she believed it was necessary to create video recordings of her interactions with Mayo personnel. *Id.* That Plaintiff felt the need to immediately document the conduct of Mayo personnel—by video recording it—refutes any argument that Plaintiff did not fully believe that she was being harmed by discriminatory prejudice and thus wished to preserve evidence of that alleged mistreatment as it occurred on January 5, 2020.  Plaintiff cannot escape her own pleading regarding what she believed on that day.

In response, Plaintiff argues that the statute of limitations did not begin to run on her claim until nearly three years later, on November 10, 2022, "when Plaintiff finally obtained the formal diagnosis of her POTS condition, which conclusively refuted the diagnosis provided by Mayo Clinic."  Response (DKT 25 at 4 of 12). However, this analysis is wrong.  As shown in the cases cited above, the "statute of limitations

commences even if a plaintiff has not discovered 'the full extent of his damages'" *Id.* at ¶ 23 (*citing Com. Union Ins. v. Lewis & Roca,* 183 Ariz. 250, 255 (App. 1995). "Indeed, a cause of action may arise even before a plaintiff 'sustains all, or even the greater part, of the damages' resulting from the [misconduct]." *Id.* (*quoting Ariz. Mgmt. Corp. v. Kallof*, 142 Ariz. 64, 68 (App. 1984). Because Plaintiff believed on January 5, 2020, that she was being discriminated against, and that the discrimination resulted in a false diagnosis and the failure to provide treatment for her true physical ailment, Plaintiff necessarily "had 'at least a minimum requisite knowledge sufficient to identify that a wrong occurred and caused injury.'" *Thomas v. Honorhealth Scottsdale Osborn Medical Ctr.,* at \*7. The Court should dismiss the complaint in its entirety with prejudice because it was not filed within the applicable statute of limitations.

## CONCLUSION

The Court should dismiss the Complaint with prejudice for the reasons described above.

DATED this 23rd day of October, 2024.

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

By /s/Vincent J. Montell
Vincent J. Montell
K. McKay Worthington
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of October 2024, I electronically transmitted the foregoing with the Clerk of the Court using the CM/ECF system for filing, and copies were mailed to Plaintiff at the following addresses:

Pamela D. More
16352 E. Ridgeline Drive
Fountain Hills, Arizona 85268
*Plaintiff*

By ___Julie Irby___