**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Pamela D More,

　　　　　Plaintiff,

v.

Mayo Clinic, et al.,

　　　　　Defendants.

No. CV-24-00452-PHX-DLR

**ORDER**

Before the Court are Defendant Mayo Clinic Arizona's motion to dismiss the Complaint (Doc. 20) and Plaintiff Pamela More's motions to amend the Complaint (Docs. 26, 27), to append additional exhibits to her response brief (Doc. 29), and "for clarity" (Doc. 30). The motions are fully briefed. (Docs. 25, 31, 32.) For the following reasons, the Court grants the motion to dismiss. The other motions are thus rendered moot.

## I.　　Background[1]

On January 5, 2020, More, who is self-represented, went to the emergency room at Mayo Clinic in Phoenix, Arizona because she was experiencing "extreme vertigo, [a] high heart rate[,] . . . blood pressure well outside of her normal range, light sensitivity, [a] swollen face, debilitating brain fog [and] odd discoloration of her extremities on

---

[1] The following facts are drawn from the allegations in the Complaint (Doc. 1), which the Court accepts as true for the purposes of this Order. It also includes information about a prior federal lawsuit filed by More, of which the Court takes judicial notice. *Xcentric Ventures L.L.C. v. Borodkin*, 908 F. Supp. 2d 1040, 1046 (D. Ariz. 2012); *see* Fed. R. Evid. 201(b), (c)(1).

photographs." (Doc. 1 at 4.) She believed that these symptoms were a result of recent surgery on her head and neck. (*Id.*) She alleges that the "[n]urse and doctor obviously presumed drug use," so she requested a blood test to disprove them. (*Id.*) The test showed no drug or alcohol use. (*Id.*) The Complaint further alleges that someone should have performed an appropriate differential diagnosis that "included the development of post-surgical" Postural Orthostatic Tachycardic Syndrome ("POTS"). (*Id.*) Instead, More was diagnosed with "Delusion Disorder." More claims she has video recordings of her interactions. (*Id.*)

On March 15, 2022, More filed a complaint in federal court asserting medical malpractice claims against Rachel Lindor, M.D. and Mayo Clinic Arizona arising from her January 5, 2020 emergency room visit. (Doc. 20-1 at 2.) She later amended her complaint to add as a defendant "Mayo Clinic, Minnesota." (*Id.* at 31.) The court dismissed the case, explaining that More "assert[ed] claims for medical negligence," and "[a] claim for medical negligence is a state-law claim, not a claim arising under the Constitution or laws of the United States." (*Id.* at 81–82.) More had not established diversity jurisdiction because two defendants, Mayo Clinic Arizona and Dr. Lindor, are Arizona citizens, as is More. (*Id.* at 82.) On September 1, 2023, the court dismissed the case without prejudice. (*Id.*)

Six months later, More filed the present suit with virtually the same allegations, but instead of a medical malpractice claim, More brings a claim under 42 U.S.C. § 18116, a provision of the Patient Protection and Affordable Care Act ("ACA") that prohibits discrimination against certain protected classes by any health program or activity that receives federal funding. After More failed to properly serve Defendants, the Court ordered her to complete service on "all three Defendants in a manner that complies with Federal Rule of Civil Procedure 4" by August 26, 2024, or the Court would dismiss the action under Rule 4(m). (Doc. 17 at 5.) Mayo Clinic Arizona moves to dismiss the Complaint for insufficient service of process and failure to state a claim. (Doc. 20.) It also raises a statute of limitations defense. (*Id.* at 7.) More responded and filed a motion to amend the Complaint. (Docs. 25, 26, 27.)

## II. Legal Standards

### a. Self-Represented Litigants

Where, as here, the plaintiff is a self-represented party, the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Greer v. Haw. Permanente Med. Grp.*, No. 24-00299 JMS-RT, 2025 WL 358448, at *3 (D. Haw. Jan. 31, 2025) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)) (alteration in original). "When a claim cannot be saved by amendment, dismissal with prejudice is appropriate." *Id.*

### b. Statute of Limitations Defense

"A statute of limitations defense may be raised by a motion to dismiss if the running of the statute is apparent on the face of the complaint." *ABC Sand & Rock Co. v. Cnty. of Maricopa*, No. CV-21-01875-PHX-DGC, 2022 WL 1619019, at *3 (D. Ariz. May 23, 2022); *see also Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) ("[T]he assertion of an affirmative defense may be considered properly on a motion to dismiss where the 'allegations in the complaint suffice to establish' the defense." (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007))). And the Court may only grant a motion to dismiss based on a statute-of-limitations defense where "the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

## III. Analysis

### a. Mayo Clinic Minnesota

More does not oppose dismissal of Mayo Clinic Minnesota, admitting in her motion to amend the Complaint that she added it as a defendant to try and achieve diversity

jurisdiction. (Doc. 26 at 3.) The Court therefore dismisses all claims against Mayo Clinic Minnesota.

### b. Dr. Lindor

Because More failed to complete service on Dr. Lindor, Dr. Lindor is dismissed as a defendant. *See* Fed. R. Civ. P. 12(b)(4). More chose to name Dr. Lindor as a separate defendant. Therefore, she was required to serve Dr. Lindor separately and in accordance with Rule 4, as this Court ordered her to do previously. (Doc. 17 at 4.) Service was to be completed on all Defendants by August 26, 2024. (*Id.* at 5.) In More's correspondence to the Court on August 26, 2024, she details her attempts to serve the Mayo entities but makes no mention of service on Dr. Lindor. (Doc. 18.) Recently, More filed four AO 440 Summons forms. (Docs. 24, 28.) In each, she included the caption and case number, and in two of them, though addressed to "Mayo Clinic Hospital Phoenix . . . or . . . Legal Dept," she also included Dr. Lindor's name. (Docs. 24 at 3; 28 at 3.) The accompanying proof-of-service forms are entirely blank. (Docs. 24 at 4; 28 at 4.) Without any indication that More properly served Dr. Lindor, the Court must dismiss all claims against her pursuant to Rule 4(m) and its previous order. *See* Fed. R. Civ. P. 4(l)(1), (m).

### c. Mayo Clinic Arizona

All that remains is More's claim against Mayo Clinic Arizona, which Mayo Clinic Arizona argues is time-barred. (Doc. 20 at 7.) The Ninth Circuit has yet to opine on what statute of limitations applies to discrimination claims under § 18116, but the parties agree—and the Court is persuaded—that the applicable limitations period is four years pursuant to 28 U.S.C. § 1658.[2] *See Greer*, 2025 WL 358448, at *9; *accord Tomei v.*

---

[2] Section 1658 is the most generous statute of limitations that could apply to More's claim. The ACA discrimination statute expressly incorporates "four preexisting anti-discrimination statutes," including, as relevant here, Title IX of the Education Amendments of 1972, which prohibits discrimination based on gender. *Palacios v. MedState Health, Inc.*, 298 F. Supp. 3d 87, 91 (D.C. 2018). Were the Court to join others that have borrowed state statutes of limitations, the analysis would proceed as follows: Because this is a gender discrimination claim, the Court would look to Title IX to determine what statute of limitations to use. For Title IX gender discrimination claims, courts borrow the Arizona statute of limitations for personal injury actions, which is two years. *Kunzi v. Ariz. Bd. of Regents*, No. CV-12-02327-PHX-JAT, 2013 WL 6178210, at *3 (D. Ariz. 2013); A.R.S. § 12-542. Thus, were the Court to borrow a state statute of limitations, the limitations period would be two years, rather than four.

- 4 -

*Parkwest Med. Ctr.*, 24 F.4th 508, 514–15 (6th Cir. 2022). Section 1658 provides a four-year "catch-all" statute of limitations for federal causes of action, like § 18116, that were enacted after 1990 and do not include a statute of limitations themselves. 28 U.S.C. § 1658(a). *But see, e.g.*, *Ward v. Our Lady of the Lake Hosp.*, No. 18-00454-BAJ-RLB, 2020 WL 414457, at *2 (M.D. La. Jan. 24, 2020) (choosing to borrow analogous state statute of limitations for ACA discrimination claims).

The parties dispute, however, when the claim accrued. Both More and Mayo Clinic Arizona rely on Arizona-state law regarding claim accrual.[3] (Docs. 25 at 3; 31 at 3–6.) More argues that application of Arizona's discovery rule to her claim tolls the limitations period until at least November 10, 2022, when she obtained her POTS diagnosis. (Doc. 25 at 4.) Mayo Clinic Arizona argues that even with the benefit of the discovery rule, More's claim nevertheless accrued on January 5, 2020, when the alleged discrimination occurred. (Doc. 31 at 4–5.)

Federal law, not state law, governs claim accrual of federal claims, including ACA discrimination claims.[4] However, the differences, if there are any, between federal and Arizona-state accrual law are immaterial. *Compare TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (holding that, under federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action"), *with Mayer v. Good Samaritan Hosp.*, 482 P.2d 497, 499 (Ariz. Ct. App. 1971) (holding that the discovery rule applies to toll the limitations period "until through reasonable diligence the plaintiff should

---

[3] The parties also spend some of their briefing arguing about the applicability of an unpublished Ninth Circuit case, *Rand v. Midland National Life Insurance Co.*, 857 Fed. App'x 343 (9th Cir. 2010). *Rand* was a case in federal court on diversity jurisdiction wherein the plaintiffs brought only California state law claims. Thus, the court applied California's statute of limitations and California's accrual and tolling rules. 857 Fed. App'x at 347. The parties here assert that *Arizona* law governs claim accrual, so it is unclear why *Rand*'s reasoning would support their analyses. In any event, the Court concludes that federal law regarding claim accrual governs this dispute, so *Rand* is inapplicable.

[4] To be sure, federal law would govern accrual even if the Court borrowed a state statute of limitations because "in borrowing a state statute of limitations for a federal cause of action, 'we borrow no more than necessary.'" *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (quoting *West v. Conrail*, 481 U.S. 35, 39–40 (1987)); *see also Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) ("Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." (quoting *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001))).

have reason to know that a claim exists"). Both recognize the discovery rule, and application of either leads to the same outcome: More's claim is time-barred. Basically, under federal and Arizona-state law, a claim accrues when the plaintiff knows she has been injured; whether she understands exactly what legal claim she has is irrelevant. *See Satamian v. Great Divide Ins. Co.*, 545 P.3d 918, 924 (cause of action accrues when plaintiff can reasonably "identify that a wrong occurred and caused injury" (quoting *Doe v. Roe*, 955 P.2d 951, 961 (Ariz. 1998))). The discovery rule serves to benefit plaintiffs whose injuries are "difficult . . . to detect." *Gust, Rosenfeld & Henderson*, 898 P.2d at 967. As discussed below, More's injury was apparent the day it happened.

The Complaint alleges that More "was the victim of negligent treatment directly related to her gender" on January 5, 2020. (Doc. 1 at 4.) More's suspicions of wrongdoing were present on January 5, 2020. She knew that a nurse and doctor believed she was using drugs and insisted on a drug test to prove them wrong *that day*. She was experiencing physical symptoms but given a mental health disorder *that day*. She took video recordings of her interactions *that day*. She may not have realized the full extent of her injuries until she received the appropriate diagnosis in November 2022, but that fact does not toll the statute of limitations. More knew of her injury when it occurred; she was immediately on notice to investigate further. By either standard, it is apparent from the face of the Complaint that this action is time-barred. Thus, the statute of limitations began running January 5, 2020, and the Complaint, filed over four years later, on March 1, 2024, was untimely.

More is not entitled to equitable tolling of the statute of limitations. "[E]quitable tolling is a doctrine that 'pauses the running of, or "tolls," a statute of limitations when a litigant has pursued h[er] rights diligently but some extraordinary circumstance prevents h[er] from bringing a timely action.'" *Bent v. Garland*, 115 F.4th 934, 941 (9th Cir. 2024) (quoting *Arellano v. McDonough*, 598 U.S. 1, 6 (2023)). "A petitioner seeking equitable tolling bears the burden of establishing" that she is entitled to it. *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). More raises the COVID-19 pandemic as an

extraordinary circumstance. (Doc. 25 at 7.) But she fails to demonstrate that this prevented timely filing of an action. In fact, Mayo Clinic Arizona shows the opposite. More filed a prior suit, almost identical to the present suit and arising out of the same transaction or occurrence, on March 15, 2022, well within the four-year statute of limitations.

Because this suit is time-barred, the Court need not reach Mayo Clinic Arizona's other arguments for dismissal. Any amendment would be futile. The case is dismissed with prejudice.

**IT IS ORDERED** that Mayo Clinic Arizona's motion to dismiss (Doc. 20) is **GRANTED**. More's Complaint is **DISMISSED WITH PREJUDICE**. All remaining motions are **DENIED** as moot. The Clerk of the Court is directed to enter judgment accordingly and terminate the case.

Dated this 14th day of July, 2025.

Douglas L. Rayes
Senior United States District Judge